IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:12-CV-00046-RLV-DSC

| | |
|---|---|
| THE ATRIUM, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVE HENDRICK & ASSOCS., ) <br> INC., d/b/a RARE COLLECTIONS, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff The Atrium, Ltd.'s Motion to Remand. (Doc. 5.) Although Defendant Rare Collections has not submitted a response, the time for doing so has passed, and the Motion is now ripe for review.

Noting that Defendant received a copy of the initial pleading setting forth the claim for relief upon which the action is based on February 18, 2012, Plaintiff moves that this action be remanded to the Superior Court of Catawba County, North Carolina, because Defendant failed to adhere to the time requirements of 28 U.S.C. § 1446(b) by filing its Notice of Removal on April 20, 2012, thirty-two days after the statutory deadline.

Section 1446(b)'s thirty-day deadline is "mandatory," albeit not "jurisdictional." *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (finding that the plaintiff had waived the untimeliness of the removal petition by failing timely to object); *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (deeming as filed, in the interest of fairness and because the right to remove must be invoked in strict conformity with statutory requirements, a petition that failed to comply with the district court's local rules requiring a

1

cover sheet and legal backing), *superceded on other grounds by rule as recognized in Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008); *see also Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 700 (1972) (holding that a challenge to the validity of the removal procedure may not be raised for the first time on appeal); *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176 (1913) (holding that a plaintiff who failed to challenge removal procedures prior to entry of final judgment effectively waived the right to claim that irregularities in the removal process deprived the court of jurisdiction over a case otherwise properly before it). As the Second Circuit explained in *Somlyo*, "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo*, 932 F.2d at 1046; *cf. Adelphia Fire Protection, Inc. v. Egner*, No. 3:06-185, 2006 WL 1751780, at *3 (M.D. Pa. June 22, 2006) (holding that the court is without discretion to expand section 1446(b)'s thirty-day limitation); *Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Ams.*, 397 F. Supp. 2d 698, 705 (W.D.N.C. 2005) (Thornburg, J.) (recognizing that parties are prohibited from enlarging the deadline for removal by consent).

Here, Plaintiff's counsel consented to a thirty-day extension of time to respond to the Complaint. (Doc. 6 at 2.) Perhaps strategically, counsel did not extend the scope of consent to reach the allotted time to file a notice of removal. Because no evidence has been proffered of any "intentional relinquishment" by Plaintiff of the right to object to an untimely removal, and because Plaintiff has filed a timely Motion to Remand, there has been no waiver of that right. *See Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987) (addressing the elements of a waiver "defense" to an objection to removal). Additionally, assuming *arguendo* that the scope of Plaintiff's counsel's representation reached the notice of removal, the parties cannot lengthen section 1446(b)'s time period by stipulation, and therefore Defendant's reliance

2

on such representation would be "per se unreasonable and, therefore, [could not ]be the basis for 'estoppel.'" *Wachovia Bank*, 397 F. Supp. 2d at 705 (citing *Harris Corp. v. Kollsman, Inc.*, 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000) ("[S]ection 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise.")).

Furthermore, the Court will deny Plaintiff's request for an award of attorney's fees and costs incurred in resisting removal to this Court. Under section 1447 of Title 28, "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). As the statute's permissive language indicates, the decision of whether to award fees and costs under 28 U.S.C. § 1447(c) is discretionary. *Lindsey v. United Parcel Serv., Inc.*, No. 1-03-492, 2003 WL 22757931, at *2 (M.D.N.C. Oct. 30, 2003). Bad faith is not a prerequisite to an award of attorney's fees under the statute, *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996), and since the amendment of section 1447(c) in 1988, courts often "award attorney fees without reference to a particular state of mind or improper purpose," *Gibson v. Tinkey*, 822 F. Supp. 347, 349 (S.D. W. Va. 1993). Nevertheless, a court may consider the lack of bad faith in determining whether to award attorney's fees. *Lowe*, 102 F.3d at 733 n.2. But for Defendant's poor timing, it appears that Defendant would have met the requirements for removal under 28 U.S.C. §§ 1332, 1441(a)–(b). (*See* Doc. 1 at 2; Doc. 6 at 1.) The Court therefore deems such an award inappropriate in this case.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Remand (Doc. 5) be **GRANTED**. As Defendant has not established its right to a federal forum, the Court denies Defendant's petition for removal and remands the case to the Superior Court of Catawba County, North Carolina.

Signed: June 22, 2012

Richard L. Voorhees
United States District Judge